No. 3140.—CHARLES W. C. WALKER *v.* ANDREW J. CRUIKSHANK, Executor.

*A proposition of the executor to pay a note against the succession he represents before it is prescribed, if the holder will throw off the interest, is sufficient to interrupt the current of prescription.*

APPEAL from the Ninth District Court, parish of Rapides. *Orsborn, J. R. A. Hunter,* for plaintiff and appellant. *Ryan & White,* for defendant and appellee.

TALIAFERRO, J. The plaintiff sues the executor of Olcott on a promissory note for $646 82, dated eighteenth of January, 1862, payable one day after date, with eight per cent. interest from date, and made payable to the plaintiff or order.

The defendant's answer contains a general denial, and he pleads the prescription of five years.

There is a motion to dismiss this appeal on two grounds: First, that the appeal was made returnable to the Supreme Court at Natchitoches at its August term, 1870, instead of New Orleans, as the law directs; second, that the petition of appeal was served upon the defendant in the parish of Grant, where he resides, by a deputy sheriff of the parish of Rapides.

There is no force in the first ground taken. As to the other, there is no evidence in the record showing the residence of the defendant to be in the parish of Grant. The motion to dismiss is overruled.

ON THE MERITS.

The question is as to the plea of prescription. Yarborough, a witness on the part of the plaintiff, testifies that in the spring of 1866 he called upon Cruikshank for payment of the note and that the latter replied: "If you will knock off the interest, I will give you a sight draft for the amount." The witness not being authorized to throw off the interest, declined the proposition. At the time this interview took place prescription had not accrued. The proposition of the defendant to pay the principal of the note surely was a recognition that the suc-

cession of Olcott owed it, and consequently an interruption of prescription occurred. A promise to pay the debt was not necessary to interrupt the prescription.

The testimony of the executor is to the effect that he did not promise to pay the note; but his statements are equivocal and evasive, and wanting in that directness and clearness which mark the evidence given by Yarborough. His evidence clearly preponderates.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the plaintiff recover from the defendant, in his representative capacity of executor of J. H. Olcott, deceased, the sum of $646 82, with eight per cent. interest per annum from the eighteenth of January, 1862, until paid, and all costs of suit.

Rehearing refused.